TERRITORY OF DAKOTA, EX REL., Respondent, *v.* ARMSTRONG ET
AL., Appellants.

**Pleading — Sufficiency — Quo Warranto — Remedy — Parties.**

Under § 2, chap. 112, L. 1883, Comp. L., § 705, providing that " town-
ships having two or more villages * * * may petition the county
commissioners for a division, and whenever * * * so petitioned they
may * * * divide such townships," an information in the nature of
*quo warranto* by the district attorney against the supervisors of a township
claiming to have been created by the division of H. township, alleged that
on the 6th day of April, 1888, the township of H. was a duly organized
township of P. county; that on said date the county commissioners of said
county divided said township and out of a part thereof organized the town-
ship of B.; that the township of H. never had two or more incorporated vil-
lages; that the said commissioners were never petitioned by said township
of H. for a division; that the petition upon which the said commissioners
acted was signed by less than one-half of the legal voters of said township;
that said petition was not signed by the supervisors of said township, or
any of them; that the defendants were elected to the pretended offices of
supervisors of said new township of B. and assume to hold, exercise, and
are actually holding and exercising the functions of said offices; that after
the said pretended organization the residents of the said B. township pro-
ceeded to act in all respects as if the said township had been legally organ-
ized; that the reason that all the residents of said township are not made
parties to the action is, that there are over five hundred of them and it would
be impracticable to bring them before the court, and their interests will
be faithfully represented by the defendant supervisors. *Held*, 1. That
*quo warranto* was the proper remedy. 2. That the district attorney was
the proper party to bring the action, section 534, C. C. Pro., providing the
" district attorney in the name of the territory, upon his own informa-
tion," may bring an action against any person who shall " unlawfully hold
or exercise any public office," or any number of persons who " shall act
* * * as a corporation without being duly incorporated." 3. That it
was not necessary to join the alleged B. township. 4. That the informa-
tion stated facts sufficient to constitute a cause of action.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Pembina county; Hon. CHAS.
F. TEMPLETON, Judge.

This was a proceeding in the nature of *quo warranto* in the
name of the territory upon the relation of the district attorney of
Pembina county, against J. A. Armstrong, James Weeks and
Thomas Hodgson, to inquire by what authority they were exer-
cising the offices of supervisors of the township of Bathgate,
Pembina county, Dakota.

The information, or complaint to which a demurrer was over-

ruled, alleged :    That the township of Hamilton is situated in the county of Pembina, Dakota Territory, and was at the time hereinafter mentioned and ever since has been and still is legally laid out and organized as a civil township under the laws of said territory, and includes and is wholly made up of congressional townships 161 and 162, north of range 53 west ; that on or about the 6th day of April, 1888, the county commissioners of said county attempted to lay out and organize a new civil township called Bathgate, and did lay out and organize said township ; that in laying out and organizing the said township said board took from said township of Hamilton, the following portion thereof, to-wit: Sections 1 to 30 inclusive in township 162, and the said new town was organized as aforesaid, wholly out of said portion so taken from the town of Hamilton ; that the said township of Hamilton was not divided by any river, lake, or creek, in the manner the said board attempted to divide said township in organizing said pretended township of Bathgate ; that said township of Hamilton has never had two or more incorporated villages or cities, each containing two hundred or more inhabitants ; that the said board never have been petitioned by said township of Hamilton for a division, and the petition upon which the said board based its action in laying out and organizing the pretended township was signed by less than half the legal voters residing in the township of Hamilton ; that said petition was not signed by the supervisors of the township of Hamilton, or any of them, and the petition so signed as aforesaid, was the only petition presented to said board, and the only petition upon which said board acted ; that on or about the 6th day of April, 1888, the defendants, J. A. Armstrong, James Weeks and Thomas Hodgson, were elected to the pretended offices of supervisors of said township at Bathgate, and ever since have been and still are officers of said pretended township and assume to hold and exercise, and are actually holding and exercising the functions of said pretended offices of supervisors of said pretended township ; that after the pretended organization of said township the residents thereof proceeded to act in all respects as a municipal or township organization, duly and lawfully organized and elected an assessor, town clerk, treasurer, said three supervisors, two justices of the peace, two constables, three road

overseers and the other officers of a lawful township; that the said officers so elected and all the residents of the said pretended township are exercising without authority of law the functions, rights, franchises and privileges of a township corporation under the name of Bathgate; that the said residents of the said pretended township have no authority to exercise the franchises, powers and functions of a township for the reason that the said township was never lawfully laid out and organized, and that the said commissioners acted without authority of law and without jurisdiction in laying out the same, and that their acts are null and void; that the said officers so elected as aforesaid are all assuming and exercising the functions of the several offices of the said pretended township; that the reason all the residents of the said pretended township are not made parties to this action is because there are over five hundred of them, and it would be impracticable to bring them all before the court, and that it would involve great labor and expense, and cause great delay in the prosecution of this action and thereby prejudice the interests of all parties interested; that the residents of the said pretended township and the officers thereof, are in harmony in their efforts to sustain the said unlawful organization, and the residents will be well and faithfully represented by the said supervisors, who are defendants of record in this action; that the question to be determined in this action, to-wit: The legality of the organization of the said pretended township of Bathgate, and the legal existence of said township, is one of common interest to all the said residents of said pretended township, and the defendants in this action are the supervisors thereof, and that it would be impossible to make all of said residents parties for the reason that said residents will change constantly by new residents coming in, old residents going out, and by death and birth.

There was a prayer that the defendants be restrained from exercising the functions of the offices of supervisors, and that the action of the commissioners in organizing the township be declared null and void. The defendants demurred to the complaint on the grounds: 1. That the court had no jurisdiction of their persons, or the subject of the action. 2. That the plaintiff has no legal capacity to sue. 3. That there is a defect of parties

defendant, in that the township of Hamilton and the inhabitants of the township of Bathgate should have been made parties. 4. That several causes of action have been improperly united. 5. That the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendants electing to stand upon it, final judgment was entered against them, and they appealed to this court.

*Stack & Hoskins*, for appellants.

The acts of the commissioners in such matters will be presumed valid. State v. Supervisors, 39 Wis. 595; 1 Gr., § 51. The statute does not require that there shall be two *incorporated* villages. That the commissioners were not petitioned was the allegation a legal conclusion. State v. Anderson, 69 Wis. 471; Bliss Pl., § 206. The statute (§ 705, Comp. L.) does not require the petition to be signed by any special number of voters or residents. The new township should have been made a party. §§ 705, 4879, 7114; State v. Messmore, 14 Wis. 115; Scrafford v. Gladwin, 41 Mich. 653; State v. Board, 14 Atl. Rep. 560; State v. Village, 32 Vt. 50; People v. Stafford, 19 Pac. Rep. 693; 29 Ia. 246; High, Ex. Rem., § 684; Gillett v. Traganza, 13 Wis. 472. *Quo warranto* was not the proper remedy. §§ 5348, 5356, C. L.; Nelson v. McArthur, 38 Mich. 204; Attorney-General v. Hanchett, 42 id. 436. It should have been *certiorari*. This would have ended the controversy. §§ 5507, 5509, C. L.; Milwaukee Iron Co. v. Schubel, 29 Wis. 444; State v. Whitford, 54 id. 150, 11 N. W. Rep. 424; State v. Dodge, 32 Wis. 79; State v. Kennen, 61 id. 494, 21 N. W. Rep. 530; Merrick v. Township, 41 Mich. 630, 2 N. W. Rep. 922; Agnew v. Mayor, 2 Hill, 1; §§ 592, 705, C. L.; Pulling v. Supervisors, 3 Wis. 304; Waugh v. Chauncey, 13 Cal. 11; Fall v. Paine, 23 id. 302; Thomas v. Armstrong, 7 id. 287; People v. El Dorado Co., 8 id. 58; People v. Marin, 10 id. 344; People v. Mayor, 5 Barb. 44; Conover v. Devlin, 24 id. 641; People v. Supervisors, 15 Wend. 198; Geger v. Chippewa, 47 Mich. 167, 10 N. W. Rep. 168; Woodworth v. Gibbs, 61 Ia. 398, 16 N. W. Rep. 287; Stultus v. State, 65 Ind. 492; High, §§ 618, 689; State v. City, 31 Ia. 432; People v. Whitcomb, 55 Ill. 172; State v. Marlow, 15 Ohio St. 114; People v.

Ridgeley, 21 Ill. 64; State v. Shields, 56 Ind. 521; Dart v. Houston, 56 Ga. 106.

*George H. Meguier* and *Bosard & Corliss*, for respondent.

Although *certiorari* would lie, still this case falls within section 534, subdivision 3, and *quo warranto* is the proper remedy. State v. Bradford, 32 Vt. 50; People v. Clark, 70 N. Y. 517; Cheshire v. Kelly, 6 N. E. Rep. 486; State v. Borough, 10 Atl. Rep. 377; High, Ex. Rem., § 684; People v. La Rue, 8 Pac. Rep. 84; State v. Board, 14 Atl. Rep. 560; People v. Riordan, 41 N. W. Rep. 482; State v. Parker, 25 Minn. 215; Renwick v. Hall, 84 Ill. 162; People v. Carpenter, 24 N. Y. 86.

It would have been improper to have made the alleged township a party, as that would have recognized its organization. Cheshire v. Kelly, 6 N. E. Rep. 486; People v. R. R. Co., 15 Wend. 114; People v. Richardson, 4 Cow. 97; Commonwealth v. Central P. R. R. Co., 52 Pa. St. 506; Angell & A. Corp., § 756; People v. Supervisors, 41 Mich. 647, 2 N. W. Rep. 904; Dillon, Mun. Corp., § 895; People v. Cincinnati Gas Co., 18 Ohio St. 262; State v. Com. Bank, 33 Miss. 474; Draining Co. v. State, 43 Ind. 236; People v. Sowden, 8 Pac. Rep. 66; Attorney-General v. Perkins, 41 N. W. Rep. 426; State v. Jenkins, 25 Mo. App. 484; C. C. Pro., § 534. It was only necessary to proceed against the alleged officers. See above cases; also Supervisors v. Mineral P. R. R. Co., 24 Wis. 93; Smith v. Swarmstedt, 16 How. 288; Nilson v. Costro, 31 Cal. 427; C. C. Pro., §§ 83, 113, 531.

We claim the board has no power to act unless the township contains two or more *incorporated* villages. But in this case there was no petition. It cannot be said a township petitions when the petition is not signed by the supervisors, or any of them, or by one-half of the voters residing in the town. It is admitted that the board was not petitioned at all by the township of Hamilton. The board, therefore, had no power to act. § 705, Comp. L.

By the COURT:

The judgment in this case is affirmed, the court being of opinion, 1. That *quo warranto* is a proper remedy.

2. That the action is properly brought under our statute in the name of the district attorney.

3. That the action is properly brought against the defendants without joinder of the alleged corporation.

4. That the complaint sufficiently states a cause of action.   All concur except TEMPLETON, J., not sitting.