## Mercersburg Independent School District.

*School law—Petition for independent school district—Right to withdraw names from petition.*

1. One who has signed a petition calling for the action of a judicial, legislative, or executive officer or body, may withdraw his name as of right before the jurisdiction of that tribunal, body or officer, has attached. In legislative and municipal bodies, and before officers or boards, whose duty involves the power to decide, and to exercise judgment, or discretion, jurisdiction cannot be said to attach until formal action has been taken on the subject matter of the petition.

1912.]            Syllabus—Statement of Facts.

2. A petitioner does not have the right per se to withdraw his name after jurisdiction has attached, and in such cases never has the right to withdraw without leave of court.

3. If a petitioner has been induced to sign by misrepresentations, he may withdraw his name even after jurisdiction has attached, but this must be done with leave of court, or other body or tribunal having jurisdiction of the proceeding.

4. In those cases, in which jurisdiction has attached, the facts that several petitioners desire to withdraw their names, should be taken into consideration by the court; and, if, a sufficient number desire to withdraw, the court would not only be warranted in dismissing the petition, but in many instances should do so, on the ground that under such circumstances the power of the court should not be asserted against the real wishes of signers whose names are necessary to give jurisdiction when they in good faith desire to withdraw from the proceeding.

*School law—Independent school districts—Abolition of district by Act of May 18, 1911, P. L. 309.*

5. Where an independent school district was to go out of existence on the first Monday of July, 1911, under the provisions of the School Code of May 18, 1911, P. L. 309, it was premature to present a petition on June 20, 1911, to create a new independent district out of the very same territory embraced in the old district while that district was still in existence. It was not contemplated by the act that every old independent district should be of right created into a new district, although the act does contemplate the creation of new independent school districts which might or might not include old districts.

Argued March 5, 1912. Appeal, No. 55, Jan. T., 1912, by William H. Smith and James G. Kieffer, from order of C. P. Franklin Co. Miscellaneous Docket, Vol. F, page 310, creating an independent school district. In re Independent School District of Mercersburg. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for creation of an independent school district. Before GILLAN, P. J.

From the record it appeared that the petition was presented on June 20, 1911, and prayed for the forma-

tion of an independent school district composed of the Borough of Mercersburg, part of Montgomery Township and part of the Township of Peters. It appeared that this territory had for many years existed as an independent school district. At the hearing fifteen signers of the petition applied to withdraw their names on the ground that they had signed the petition under a misapprehension, and that as they now understood the matter it would not be to the interests of Montgomery Township to have such a district created. The court refused the application, and made an order creating the independent school district which the petition called for.

*Error assigned* was the order of the court.

*J. R. Ruthrauff*, with him *W. O. Nicklas*, for appellants.

*Sharp & Elder*, for appellees.

OPINION BY MR. JUSTICE ELKIN, July 2, 1912:

The right of the fifteen original signers of the petition to withdraw is one of the questions raised by this appeal. As a general rule, parties who institute a proceeding have the right to discontinue it, subject, of course, to the order of court as to costs and proper charges. If all the original signers had joined in a petition asking to withdraw their names, or to discontinue the proceeding, before the hearing, or prior to the taking of testimony, and before the questions involved were considered, or determined, the right to do so, could not be seriously questioned. Parties are not bound to pursue an action, or to press litigation, if, upon reflection, they conclude it is unwise to proceed further. If, therefore, in the present case, all the signers, had asked leave to withdraw their names and discontinue the proceeding, it would have been the duty of the court to respect their wishes by dismissing

the petition, subject to costs and proper charges.   But all of the petitioners did not ask leave to withdraw, and this makes the situation somewhat different.   Under the practice recognized by this court, and by lower courts, the right of a petitioner, or of several, to withdraw, while others desire to press the controversy, depends largely upon the nature of the proceeding and the facts of the case.   After a careful examination of all our Pennsylvania cases, above and below, the following general rules may be regarded as well established:

1. One who has signed a petition calling for the action of a judicial, legislative, or executive office or body, may withdraw his name as of right before the jurisdiction of that tribunal, body or officer, has attached.   In legislative and municipal bodies, and before officers, or boards, whose duty involves the power to decide, and to exercise judgment, or discretion, jurisdiction cannot be said to attach until formal action has been taken on the subject matter of the petition.

2. A petitioner does not have the right per se to withdraw his name after jurisdiction has attached, and in such cases never has the right to withdraw without leave of court.

3. If a petitioner has been induced to sign by misrepresentations, he may withdraw his name even after jurisdiction has attached, but this must be done with leave of court, or other body or tribunal having jurisdiction of the proceeding.

4. In those cases, in which jurisdiction has attached, the fact that several petitioners desire to withdraw their names, should be taken into consideration by the court; and, if, a sufficient number desire to withdraw, the court would not only be warranted in dismissing the petition, but in many instances should do so, on the ground, that under such circumstances the power of the court should not be asserted against the real wishes

of signers whose names are necessary to give juris-
diction when they in good faith desire to withdraw from
the proceeding. In other words, there should be no hard
and fast rule making it impossible for petitioners to
withdraw from a proceeding, or to discontinue a case,
because jurisdiction in the first instance had attached.
Quakertown Borough, 3 Grant Pa. 203; Flemington
Borough Incorporation, 168 Pa. 628, and Old Forge
Borough, 12 Pa. Superior Ct. 359, are relied on to sus-
tain the contention that there can be no recantation
under any circumstances after jurisdiction attaches.
This states the rule of these cases too broadly. The ef-
fect of these decisions was to hold that after jurisdiction
had attached, petitioners could not by any act of theirs
oust that jurisdiction, but this is a very different thing
from saying they might not be permitted to withdraw if
on application to the court they were given leave to
withdraw. Certainly, it was not intended to say that
petitioners under no circumstances, even with leave of
court, could withdraw. Such a rule would not only
be a harsh one, but it would not be in keeping with the
spirit and purpose of our system of jurisprudence. In
such cases much must be left to the sound discretion of
the court. The jurisdiction of a court in a sense at-
taches as soon as the petition is filed, or presented, but,
prior to a hearing, and before anything has been done
involving the rights of the parties, reasonable discre-
tion should be exercised in favor of petitioners who in
good faith and for proper reasons desire to withdraw.
In the present case the fifteen signers who asked to
withdraw averred that they were influenced to sign
under a misapprehension of the facts, and that if they
had been properly informed as to the facts, they would
not have signed the petition. The request to with-
draw was made at the first opportunity afforded to
make such an application and before any action had
been taken by the court or the parties in interest. The
good faith of these petitioners does not seem to be ques-

tioned, and, as we view it, they were entitled to a hearing upon the merits of their application. The mere fact that the jurisdiction of the court had technically attached, is not in itself sufficient to deprive them of the right to withdraw, if, under the facts, they were warranted in withdrawing from the proceeding. They could not withdraw without leave of court, but it was the duty of the court to inquire into the facts for the purpose of ascertaining whether the reasons were sufficient to warrant their withdrawal, and whether they were acting in good faith. This was not done, and if the case depended upon the right of these petitioners to withdraw, we would send it back for the purpose of giving the petitioners an opportunity of showing the facts relied on for asking leave to withdraw. But the case does not depend upon this question, and it will not be necessary to give it further consideration.

The petition asking that a new independent district be created was presented June 20, 1911, before the old district by the terms of the act was abolished. It is contended that this was premature because a new district could not be created out of the very same territory embraced in the old district while that district was still in existence. We think this position is well taken. Section 108, of the School Code (Act of May 18, 1911, P. L. 309), provides that all existing independent districts shall be abolished from and after the beginning of the school year fixed by the act. In districts of the class to which the one in question belongs, the school year begins on the first Monday of July, and the old district was not abolished until that time. Section 101 provides that each city, incorporated town, borough or township, now existing, or hereafter created, shall constitute a separate school district. Independent districts are not included in the enumeration, and it is too plain for argument, that the intention of the legislature was to abolish existing independent districts at the time mentioned in the act. The act so declares in

express words, and the legislature having the power to deal with the subject, courts are bound by the statutory requirements. While independent districts were abolished, the welfare of pupils residing in the attached parts of former districts, was provided for, by giving such pupils the right to attend schools located in the old independent districts by requiring the cost of tuition, books and supplies, to be paid by the district in which the pupils reside. So that under the new law, pupils residing in the territory comprising the old independent district, have the right to attend the schools located in that district after it is abolished, subject to a proper charge for tuition, books and supplies, to be paid by the proper district. This was evidently intended to provide for the convenience, comfort and welfare of pupils thus located after the breaking up of old independent districts under the provisions of the act. It is true, Section 117, makes provision for establishing new independent districts, but certainly it was not the intention of the legislature to provide for the creation of new districts before the old districts were abolished. The plain purpose of the act was to make school districts co-terminus with established municipal divisions such as cities, incorporated towns, boroughs and townships. It was not contemplated that every old independent district should be of right created into a new district under the act. It would have been a vain thing to abolish all the old districts, simply to have a new district re-established as soon as the old district passed out of existence. We do not mean to say that new independent districts should not be created, but, since it is evident the legislature intended to abolish old independent districts, and did so, the burden is certainly upon those who undertake to have a new district created out of the old, to show the necessity for re-establishing the very district which the legislature abolished. Section 117 contemplates that there are instances in which independent districts should be

created and the necessary procedure is therein provided. The primary purpose of this section is to authorize in proper cases the creation of new independent' districts, rather than the re-establishing of old districts. Nothing is said about re-establishing old districts except in the proviso, in which it is said, "That in case any such independent district so created shall include the territory of any former independent school district abolished by this act having any indebtedness, such indebtedness shall be assumed and paid by such newly created independent school district." The words "in case any such independent district so created shall include the territory of any former independent school district abolished" have a plain implication that the primary purpose of this section was to provide for the creation of new districts, which, of course, might include old districts, but the rights of the old district are to be regarded as incidental to the creation of the new district. We are not convinced that the phrase "after the approval of this act" was intended to authorize immediately thereafter the creation of a new district out of the territory comprised in an old district before the old district was abolished. An entirely new district might have been so created, but certainly it could not have been intended to apply to a district then in existence. For these reasons we think the proceeding was prematurely instituted and cannot be sustained.

Decree reversed at the cost of appellees.