PER CURIAM, March 17, 1913:

The order appealed from is affirmed on the opinion of Judge NEWCOMB.

---

## Appeal of School District of Lehman Township.

*School law—Act of May 18, 1911, P. L. 309—Independent school districts—Petition to establish—Premature filing—Amendments to pleadings.*

Where an independent school district was to go out of existence on the first Monday of July, 1911, under the provisions of the School Code of May 18, 1911, P. L. 309, it was premature to present a petition on June 17, 1911, to create an independent school district out of the same territory embraced in the old district, and this error was not cured by filing subsequent to the first Monday of July, 1911, another petition supplementary and amendatory to the first, for the purpose of correcting the description of the territory to be embraced in the new district. The rights of the parties were to be determined as of the date when the proceeding was instituted.

Argued February 25, 1913. Appeal, No. 234, Jan. T., 1912, by School District of Lehman Township, from decree of C. P. Pike Co., June T., 1911, No. 14, creating an independent school district In re Application for Establishment of Independent School District, composed of parts of Lehman Township, Pike County, and Middle Smithfield Township, Monroe County, under the Act of May 18th, 1911, P. L. 309. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for creation of an independent school district. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

*Error assigned* was the decree of the court.

*W. A. Erdman,* with him *H. T. Baker,* for appellant.
—The petition was prematurely filed, and the amendment thereto should not have been allowed: Furst v. Building Assn., 128 Pa. 183; Hodges v. McGovern, 230 Pa. 368; American Bonding & Trust Co. v. Gibson County, 145 Fed. Repr. 874; Moore v. Wait, 1 Binn. 219; Stewart v. McBride, 1 S. & R. 202; Owen v. Shelhamer, 3 Binn. 45; Gordon v. Kennedy, 2 Binn. 287; White v. Miller, 43 Pa. Superior Ct. 572; McLaughlin v. Parker, 3 S. & R. 144; Roud v. Griffith, 11 S. & R. 130; United States Tube & Iron Co. v. Casualty Co., 220 Pa. 42; Marino v. Hartford Fire Ins. Co., 227 Pa. 120; Mercersburg Independent School District, 237 Pa. 368.

The Act of May 18, 1911, P. L. 309, is unconstitutional in that it is special and changes the jurisdiction of the courts: York School District's App., 169 Pa. 70; Ashworth v. Pittsburgh Rys. Co., 231 Pa. 539.

*Harvey Huffman,* with him *W. B. Eilenberger,* for appellee.—The proceedings should be treated by this court as having been instituted when the amended petition was filed: Reiff v. Penna. R. R. Co., 18 Philadelphia 260; Stuart v. Line, 11 Pa. Superior Ct. 345; Chapin v. Cambria Iron Co., 145 Pa. 478; Eckert v. Schoch, 155 Pa. 530; Com. v. Press Co., 156 Pa. 516.

The Act of May 18, 1911, P. L. 309, is constitutional: Com. v. Martin, 2 Pa. 244; Com. v. Zephon, 8 W. & S. 382.

OPINION BY MR. JUSTICE ELKIN, March 17, 1913:

The petition upon which the rule issued was presented in the court below on June 17, 1911. The purpose of the petitioners was to have a new independent school district established out of the territory embraced in the old district, and this was to be done under the authority of the Act of 1911, known as the new School Code. It was objected at the time of filing the petition that the application was premature because the time

had not yet arrived for the creation of a new independent district. The old district was abolished by Section 108 of the School Code, but this provision of the act did not become operative until the first Monday of July, 1911, and, therefore, the old district was in existence when the application was made to establish a new district. We had the same question in Mercersburg Independent School District, 237 Pa. 368, in which it was decided to be premature to present a petition to create a new independent district out of the very same territory embraced in the old district while that district was still in existence. That case rules the one at bar and makes it necessary to sustain the third assignment of error. It is only fair to say that the opinion in that case was not handed down when the decree in the present case was entered by the learned court below. All that was said by this court in that case applies with equal force to the facts of the case at bar. We cannot agree with the learned counsel for appellee that the filing of a supplemental petition after the first Monday of July, 1911, differentiates the present case from the case above cited. Counsel argues that this should be treated as a new proceeding and suggests that it was so intended. But we cannot find anything of this kind in the record. The purpose stated in the amended petition does not sustain this contention. The petition was designated by the petitioners "as supplementary and amendatory," and the general purpose of filing it was stated to be "that a description of the proposed independent school district as contained therein shall be substituted for the description as contained in the original petition." In other words, the purpose of filing the amended petition was to correct the description of the territory to be embraced in the new district. There was nothing in this petition to indicate that the old proceeding was abandoned, or discontinued, and a new proceeding instituted. The record shows that the parties are standing upon the first petition as amended, and the

rights of the parties must be determined as of the date when the proceeding was instituted.

It may be that a new district is required, but we see no escape from the conclusion that the present case comes within the rule of the Mercersburg case above cited.

Decree reversed and petition dismissed at the cost of appellee.