STATE, ex rel. MORT, Respondent, v. TRALSTEAD et al., Appellants.

(156 N. W. 75.)

(File No. 3802.   Opinion filed February 1, 1916.)

**1.   Quo Warranto—Venue—Jurisdiction of Circuit Court—School District Consolidation Across County Line.**

In quo warranto to test validity of a proposed consolidated school district formed from territory in two counties, held, the circuit court of either county has jurisdiction, whether the district lies chiefly in one county or not.   ·        ·

**2.   Same—Consolidation of Schools—Jurisdiction—Remedy by Appeal—Statute.**

Laws 1907, Ch. 135, Sec. 115, providing for appeals from decisions of the school board or board of education relative to school matters, does not provide for appeal from an order of the county superintendent declaring a new consolidated school district organized.

**3.   Same—Relator's Capacity to Sue.**

A director of a school district from a part of which a proposed consolidated school district, composed of territory in two counties, is sought to be formed, is a proper relator in quo warranto to test the validity of and order declaring the new district organized.

**4.   Quo Warranto—Consolidation of School Districts—Defect of Parties Plaintiff—Proposed District and its Directors as Plaintiffs.**

In quo warranto to test validity of an order declaring organized a new consolidated school district formed from parts of two districts, one of which is in one, and the other in an adjoining county, held, the new district and its directors are proper parties plaintiff, as against the objection of defect of said parties.   ·  ·                        ·

**5.   Schools—Consolidation of Districts—Petition, Necessity of Acknowledgment of.**

Under Laws 1913, Ch. 194, Sec. 3, providing, in·connection with the formation of a consolidated school district, for a

petition signed and acknowledged by at least 25% of the electors of each district affected, held, that failure to acknowledge the petition is a clear violation of the statute.

6. **Same—Consolidation of Districts—Statutory Plat—Vote Under Wrong Plan—Void Order Creating District—Statute.**

Under Laws 1913, Ch. 194, Sec. 2, requiring that, "before any steps are taken," a plat of the proposed new consolidated school district shall be made by county superintendent and submitted to superintendent of public instruction, held, that where a submitted plan was approved by the state superintendent but afterwards modified and again approved by him, but before such final approval an electors' petition asking for formation of the district as first proposed was signed, and an election was held, it not appearing clearly upon which of the two plans the notice of election called for a vote, the proposal having carried at the election, and the county superintendent declared the consolidated district organized in accordance with the modified plan, the order was void; since, if the election notice was based upon the original plan, such call should not have been made, and if called under the original plan, the election was void for variance between the plan petitioned for and the one voted on.

7. **Same—Consolidation of Districts—Petition for—Necessity of Prior Approval by State Superintendent—Statute.**

Under Laws 1913, Ch. 194, Sec. 3, providing that after approval by state superintendent of a county superintendent's plan for a consolidated school district, and on presentation to the county superintendent of a petition, an election upon the question shall be called and held, held, that a petition, signed before approval of the plan, was premature and of no effect; since, the proceeding being statutory, the laws must be strictly followed.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Original proceeding in the nature of quo warranto, by the state, on relation of John Mort, against Ole Tralstead and others, directors of a consolidated school district, and said school district. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Case & Case,* for Appellants.

*A. J. Haugan,* State's Attorney, *Perry F. Loucks,* and *Arthur H. Hasche,* for Respondent.

(2) To point two of the opinion, Appellant cited: Laws 1907, Ch. 135, Sec. 115; Sec. 176, Subd. 7.

Respondent cited: Code Civ. Proc., Secs. 571, 573, 574; Coler v. Dwight School District, (N.D.) 50 N. W. 589; 32 Cyc. 1315, 837; Community Ditches v. Tulariso Ditch, (N. M.) 120 Pac. 301; Parizo v. Kessler, (Mich.) 53 N. W. 391; State ex rel. Harms v. Alexander, (Iowa) 105 N. W. 1022; Davenport v. Elrod, (S. D.) 107 N. W. 833.

(4) To point four of the opinion, Appellant cited: Code Civ. Proc., Secs. 26, 582; Territory v. Armstrong, 6 Dakota, 226.

Respondent cited: Laws 1913, Ch. 194, Subd. 3; People v. Montecito Water Co., 97 Cal. 276.

(6) To point six of the opinion, Appellant cited: Laws 1913, Ch. 194, Subd. 2; School District Nos. 2, 3, and 4 of Nobles County v. Abbott, (Minn.) 142 N. W. 723.

GATES, J. [1, 2] An attempt was made to organize a consolidated school district under the provisions of chapter 194, Laws 1913, out of a portion of Waverly school district No. 63 of Codington county and of Troy school district No. 1 of Grant county. The larger portion of the new district was in the latter county, and the county superintendent of that county made an order on August 14, 1914, declaring the new district organized. On September 29, 1914, the present action was instituted by leave of court; the same being an action under the provisions of chapter 26, C. C. P. Relator is one of the directors of district 63. Defendants are the new district and its directors. A demurrer was interposed to the complaint, which was overruled; hence this appeal. The first ground of demurrer was that the court did not have jurisdiction of the subject of the action: (a) Because, the greater part of the new district being in Grant county, the circuit court of the Fifth judicial circuit within and for Grant county was the proper forum; and (b) because a right of appeal from the order declaring the organization of the new district was given by section 115, c. 135, Laws 1907. Neither point is well taken. The venue of the action might have been laid in either county with equal propriety. Section 115, c. 135, Laws 1907, does not provide for an appeal from said order, nor can we find any other provision under which an appeal might have been taken.

[3-4] The next grounds of demurrer, viz., that plaintiff had no legal capacity to sue, and that there was a defect of parties

plaintiff, are clearly without merit. Territory ex rel. Peterson v. Hauxhurst, 3 Dak. 205, 14 N. W. 432; Territory ex rel. Dist. Atty v. Armstrong, 6 Dak. 226, 50 N. W. 832; Davenport v. Elrod, 20 S. D. 567, 107 N. W. 833.

[5] The last ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action. Three defects in the procedure by which the new district was attempted to be formed are alleged in the complaint and relied upon as jurisdictional.

The petition mentioned in section 3, c. 194, Laws 1913, was signed by the requisite number of persons, but the execution of the same was not acknowledged by them or any of them. This was a clear violation of the express requirement of that section; but whether it was a jurisidictional defect or not we do not deem it necessary to decide.

[6] We think that the order declaring a new district formed was utterly void for the reasons hereinafter given. Section 2 of said act provides that:

"Before any steps are taken" the county superintendent of the county in which the major portion of the proposed district lies "shall cause a plat to be made showing the size and boundaries of the new district, the location of the school houses in the several districts, the location of other adjoining school districts and of school houses therein, the location of transportation routes, together with such other information as may be of essential value, and submit the same to the superintendent of public instruction, who shall approve, modify or reject the plan so proposed, and certify his conclusions to the county superintendent of schools."

The plan as prepared by the county superintendent embraced nine sections of land in Grant county and three sections in Codington county. This plan was first approved by the state superintendent on July 27, 1914, but was afterwards, to-wit, on August 3, 1914, modified by striking out from the proposed district three sections of land in Grant county, and by adding 120 acres of land in Codington county to the proposed district, and as so modified the same was approved by him. Two days before the final approval by the state superintendent, to-wit, on August 1, 1914, a petition was signed by the requisite number of electors asking for the formation of the district as first proposed. An election

was called and the proposal carried, and the county superintendent declared the consolidated district · organized in accordance with the modified plan. It is not entirely clear upon which plan the notice of election contemplated a vote, but we think it immaterial whether it was the original or the modified plan. If it was the original plan, then upon being advised of the modification the county superintendent should not have proceeded to call an election to vote on the original plan. A new petition should have been obtained based on the modified plan and the election held thereunder. If the notice of election contemplated a vote on the modified plan, then the election was void because of the variance between the plan petitioned for and the one voted on. In either event, therefore, the proceedings were of no effect. In either event the order made by the county superintendent was without authority. Dartmouth Savings Bank v. School Districts 6 and 31, 6 Dak. 332, 43 N. W. 822.

[7] Section 3 of the consolidated school district act provides:

"After approval by the superintendent of public instruction of the plan for the formation of a consolidated school district, and upon presentation to the county superintendent of a petition signed and acknowledged by at least twenty-five (25) per cent. of the electors of each district affected qualified to vote at school meetings, asking for the formation of a consolidated school district in accordance with the plan approved by the superintendent of public instruction, the county superintendent shall" call the election.

Not only was the petition based upon a different plan than that approved by the state superintendent, but the petition was premature. A petition was not authorized to be signed until after the approval by the state superintendent. The proceedings in a case of this nature being strictly statutory, the laws must be strictly followed. Dartmouth Savings Bank v. School Districts 6 and 31, supra; Cole v. City of Watertown, 34 S. D. 69, 147 N. W. 91; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723.

The order appealed from is affirmed.