Argued April 18; affirmed May 9, 1939

# STATE EX REL. BROWN ET AL. *v.* UNION HIGH SCHOOL DISTRICT NO. 7 OF YAMHILL COUNTY ET AL.

(90 P. (2d) 202)

In Banc.

*Leland S. Duncan,* of McMinnville (Earl A. Nott, District Attorney of McMinnville, on the brief), for appellants.

*George Neuner,* of McMinnville, and *Otto W. Heider,* of Sheridan, for respondents.

KELLY, J.   On the merits the question presented here is whether an order of the district boundary board declaring petitions from the constituent school districts void, because such petitions were prematurely

filed, had the effect of rendering said petitions ineffective for subsequent, seasonable and timely filing.

A procedural question is also presented, by reason of the receipt in evidence of said petitions from the constituent school districts, the same differing from the purported copy of petition attached as exhibit C to defendants' amended answer.

The statute prescribes the method of forming union high school districts thus: First, a resolution must be adopted by the board of directors of the district, sought to be included therein, which maintains a high school, declaring in favor of so uniting such constituent districts; second, an election must be held submitting the question of such proposed union to the legal voters of such existing high school district; third, the majority vote must be favorable to the proposed union; fourth, thereafter petitions directed' to the district boundary board, signed by a prescribed number of legal voters residing in each of said districts, specifying the districts and parts of districts proposed to be united, etc., and praying that said group of districts be so united and organized into a union high school district, shall be filed with the district boundary board of the county in which the most populous school district is located; fifth, where there are districts also affected, which are located in another county than the one in which the petitions are filed, the clerk of the district boundary board shall immediately forward to the county school superintendent of the other county or counties, a copy of such petition from school districts or parts of school districts in that county; sixth, the district boundary board shall check said petitions, and if found to be regular and signed by a sufficient number of legal voters in each of said districts, the board

shall fix a date for hearing said petitions and remonstrances thereto, which date shall be such as to give time for notices to be posted and said board shall direct each clerk of said school districts to post notices for a period of twenty days prior to date of hearing in three public places within their respective school districts of the time and place of such hearing; and seventh, if on the day of hearing, no remonstrance has been filed with said district boundary board, said board shall declare said districts to be organized as a union high school district for high school purposes only, and shall certify to the clerks of the respective school districts that the territory embraced in said districts has been united in a union high school district.

It is not claimed that a valid remonstrance was filed in the instant case, hence, we need only to note that in case a remonstrance is filed, the statute provides for the calling of an election to determine the question by the votes of the legal voters in said districts. Section 35-3703, Oregon Code Annotated 1935 Supplement.

In the interest of accuracy, we will state that a purported remonstrance was presented, but a check of the signatures thereto disclosed that only six legal voters had signed it. The statute requires ten signatures.

The eighth step consists in selecting the board of directors and clerk of the newly formed union high school district. The course taken in that regard in the instant case is not challenged.

■ The record discloses that on the 18th day of April, 1938, petitions from each of the school districts affected were filed with the district boundary board

asking for the formation of the Union High School District in suit. District No. 30-34, known as the Willamina District, was the only district affected which maintained a standard high school; and on April 18, 1938, no election had been held therein submitting to the legal voters of said district No. 30-34 the question whether such union high school district should be formed. It is obvious, therefore, that the filing on April 18, 1938, of the petitions from the school districts affected, was premature, for the reason that the statute expressly provides that such filing shall be after an election has been held in the district maintaining a high school. This provision was incorporated in the statute in 1933. Oregon Laws 1933, Ch. 234, § 1, p. 340. The district boundary board took cognizance of it by making the following order:

"Before the Yamhill County District Boundary Board

In the Matter of the Organization of what is known as the Willamina Union High School District in Polk and Yamhill Counties, Oregon } Order

Be it remembered that this matter coming on regular for hearing at this time, and it appearing that school districts 37, 99, 79, 60, 85, 57, 97, 69, 91, 90, 98, Yamhill County, and 23 71, 25, Polk County; Joint Districts No. 93-69, Yamhill and Polk; 80-44 Yamhill & Polk; 100-63, Yamhill and Tillamook filed petitions with the District Boundary Board of Yamhill County, Oregon for the purpose of uniting for High school purposes only, and forming a union high school district in accordance with the Union High School laws of the State of Oregon;

It further appearing to the above entitled board that said petitions were filed by the said districts concerned, as above set forth, prior to the time of the holding of a special school election in District No. 30-44

of Yamhill and Polk Counties, Oregon, and that the said petitions were filed prematurily, and should not have been filed until a subsequent date of holding said special election in District No. 30-44, in which a standard high school is now maintained; and

It further appears that said petitions are void and are of no legal force and effect as they have been filed out of numerical order and therefore should be dismissed.

Therefore, it is hereby ordered and adjudged by the District Boundary Board of Yamhill County that said petitions of said School Districts have been filed with the undersigned Board on the 18th day of April, 1938 be, and the same are hereby dismissed and not entitled to further consideration by the undersigned Board.

Dated this 11 day of June, 1938.

> Wm. O. Powell
> Thos Bockes
> Members of the
> District Boundary Board

Attest:
> Lynn Gubser
> Secretary''

■■ The time of circulating the petitions is not prescribed by the statute. There is nothing in the terms of the statute which prescribes the circulation thereof during a reasonable time prior to the required election. Prior to the 1933 amendment, above cited, there was nothing in the statute requiring the petitions to be filed after the election in the district maintaining a high school. *Will v. District Boundary Board,* 141 Or. 54, 16 P. (2d) 24. We think that the statute fixing the time for filing such petitions is directory rather than mandatory, *In re Rockaway Water District, Rockaway Beach Co., et al. v. Russell et al.,* 153 Or. 382, 390, 55 P. (2d) 1107. We think, therefore, that the

effect of the foregoing order was merely to hold that the filing was premature. This construction of the order is consistent with the course subsequently taken by the board in giving effect to the petitions after they were refiled.

A copy of the resolution adopted by said district No. 30-44 favoring the organization of the union high school district in suit appears in this record, but the date of its adoption is not shown. The date of the notice of said election is April 20, 1938. On the 6th day of May, 1938, an election was held in said district pursuant to said resolution and notice resulting in a majority vote in favor of the organization of the union high school district in suit. On June 20, 1938, the petitions first filed on April 18, 1938, were refiled with the clerk of the district boundary board of Yamhill county.

It will be noted that the first filing of the petitions from all of the affected school districts preceded by not more than two days the adoption of the resolution favoring the proposed consolidation of such districts for said purpose.

■ This court has held that such petitions speak as of the time they are officially presented to the district boundary board and official cognizance is taken of them by the board causing the requisite notices to be given. *State ex rel v. Fendall,* 135 Or. 145, 152, 295 P. 191.

In so far as they are relevant, the authorities, cited to the point that the petitions now under consideration were invalid, are in harmony with the rule, which prevails in other jurisdictions, that such petitions speak from the time they are signed.

The case of *Appeal of School District of Lehman Township,* 240 Pa. St. 54, 87 Atl. 299, cited by plaintiff, and its supporting case, *In re Mercersburg Independent School District,* 237 Pa. St. 368, 85 Atl. 467, hold that a

petition to organize a school district, which was then existing, was invalid notwithstanding that as soon thereafter as a recently enacted statute became effective, such district was abolished.

*State ex rel. Mort v. Tralstead*, 35 S. D. 568, 572, 156 N. W. 75, construes a statute saying that—"Before any steps are taken" the county superintendent shall cause a plat to be made showing the size and boundaries of the new district etc., and the superintendent of public instruction shall approve, modify or reject the plan so proposed. The plan proposed by the county superintendent was first approved by the state superintendent, but afterwards modified, and, as modified, approved. Two days before the final approval by the state superintendent, a petition was signed by the requisite number of electors asking for the formation of the district as first proposed. The court held that the petition was premature.

*Gallagher v. Linwood*, 30 N. M. 211, 231 P. 627, 37 A. L. R. 664, deals with the service of a reply by one not authorized to make such service.

■■A point is sought to be made that, because other petitions from all but one of the constituent districts affected were filed on June 7, 1938, with said clerk of the district boundary board of Yamhill county, the said district boundary board was not justified in giving effect to those thus refiled on June 20, 1938.

No effect could be given to the petitions filed on June 7, 1938. They were in no sense, and did not purport to be, remonstrances; and they were ineffective as petitions, because they did not include a petition from one of the districts incorporated within and affected by the resolution and election in said district No. 30-44. In other words, no resolution or election in the district maintaining a high school favoring the

proposition therein urged had preceded their filing. We hold, therefore, that neither the filing on June 7, 1938, of the petitions last mentioned, nor the premature filing of the petitions first filed on April 18, 1938, and refiled on June 20, 1938, impaired or destroyed the effectiveness or validity of the petitions so filed and refiled.

■ As to the question presented by the receipt in evidence, over plaintiff's objection, of the petitions first filed on April 18, 1938, and refiled on June 20, 1938, we are impressed with the fact that plaintiff is the challenging party. In effect, plaintiff says that the respective defendants are without authority to function as a union high school district and its officers respectively. That, in effect, is a challenge as to the sufficiency of the record, taken in its entirety to support defendants' corporate and official status. To make that challenge without a familiarity with the record is to display a lack of diligence, which we are unwilling to attribute to the relators herein or to their counsel. A knowledge of the existence of the petitions supporting the action of the district boundary board, and the fact that such petitions had been filed and refiled, dissipates the thought of surprise on the part of those having that knowledge that defendants would seek support from said petitions.

After the offer of the petitions objected to by plaintiff, plaintiff's counsel prosecuted a cross-examination and introduced in evidence one of the petitions filed on June 7, 1938; but made no statement or other showing to the trial court that plaintiff was misled to his prejudice.

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in

maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just.'' Section 1-901, Oregon Code 1930.

''When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs.'' Section 1-902, Ibid.

Paragraph III of defendants' first further and separate answer and defense, as alleged in defendants' amended answer, is as follows:

''That thereafter and on or about the 7th day of June, 1938, the legal voters of school districts Nos. 37, 57, 60, 69, 79, 85, 90, 91, 97, 98, 99 in Yamhill County, Oregon, School Districts Nos. 23, 71, 25, Polk County, Oregon, Joint School District No. 93-69 of Yamhill and Polk Counties, Oregon, and School District No. 100-63 of Yamhill and Tillamook Counties, Oregon, and School District No. 30-44 of Yamhill County, Oregon, each of said school districts filed a petition with the district boundary board of Yamhill County, Oregon, directing the said district boundary board to hold a meeting and unite all of said school districts as specified in each of said petitions for school purposes only. That each of said petitions so filed was signed by more than ten of the legal voters of each and every one of the respective school districts, or more than one-third of the total legal voters residing in each of said school districts, and each specified the districts to be united, and that the site for the location of the union high school, and praying that said group of districts be united and organized into a Union High School District. That each and all of the petitions were identical in form and in substance except as to the number of the respective district, and the county wherein situated being inserted therein and except as to the petitioners whose names were signed to the said respective petitions, a copy of which petition

is attached hereto, marked Exhibit 'C', and made a part of this answer, and that the clerk of the district boundary board of Yamhill County, Oregon, immediately forwarded to the county school superintendents of Polk and Tillamook Counties, certified copies of such petitions from such school districts or parts thereof located in Polk and Tillamook Counties, Oregon, or each school district or part of any district located in either Polk or Tillamook Counties, Oregon.''

It will be noted that there is neither a direct allegation that the petitions mentioned were identical in form and substance with the petition, a copy of which is attached to said amended answer as exhibit C, nor an allegation of the existence of any specific petition of which said exhibit C is alleged to be a copy. In fact, both the phrase in the foregoing paragraph of defendants' amended answer, ''a copy of which petition is attached hereto, marked exhibit C and made a part of this answer'' and said exhibit C, itself, might well be deemed to be surplusage.

■ It is clearly shown by the quoted paragraph of defendants' amended answer that petitions were filed from all of the constituent school districts, including district No. 57, asking that all of said districts be consolidated for the purpose named. Exhibit C attached to said answer makes no reference to school district No. 57 either as a petitioning district or a proposed constituent district. The difference between the allegation in the body of the amended answer and exhibit C attached to it is obvious and palpable. The exhibit was subject to a motion to strike, but none was filed.

We think that no error was committed in receiving said petitions in evidence.

The order and decree of the circuit court is affirmed. No costs or disbursements shall be recovered by either party.