Rural Independent School District of Osprey (Monroe County), appellant, v. County Board of Education (members), appellees.

No. 50384.

A. V. Hass, of Chariton, for appellant.

Frank J. Karpan and James D. Jenkins, both of Albia, for appellees.

OLIVER, J.—This is a proceeding in certiorari instituted in Monroe District Court July 30, 1959, by Rural Independent School District of Osprey in Monroe County against the board of education of Monroe County and its members as such. Osprey District was not a high school (twelve-grade) district. December 2, 1958, the Joint Boards of Lucas, Wayne and Monroe Counties dismissed a petition to reorganize Russell Community School District to include Osprey District. Thereafter a reorganization of Albia Community School District in Monroe County, voted early in 1959 and effective July 1, 1959, included part of Osprey District and thereby reduced it to less than four government sections of land.

July 1, 1959, respondent Monroe County Board, by resolution, attached all except eighty acres of said Osprey remnant school district to Albia Community School District. It attached the eighty-acre tract and other land to Russell District. Petitioner alleged the attaching of the part of the remnant district to Albia Community District was illegal and prayed it be adjudged invalid. Trial resulted in judgment dismissing the petition of Osprey District and annulling the writ of certiorari. Petitioner has appealed.

I. Chapter 192, Acts of the Fifty-eighth General Assembly

(Senate File 336), section 275.40, Code of 1962, took effect after publication, May 14, 1959. It provides: "In addition to the procedure set forth" in sections 275.12 to 275.23 inclusive, Code of Iowa, 1958, "a school district not operating a high school that is contiguous to a high school district may merge with said high school district in the following manner:"

In substance, a petition for inclusion, by voters of the no-high school district, shall be filed with the superintendent of schools of the county having jurisdiction of the high school district and a copy filed with the board of the high school district. If the proposal is accepted by the high school district board, approved by said county board, not objected to by sufficient voters of the high school district, and if there is a controversy over county plans, approved by the state department of public instruction, and, finally, approved by the vote of the no-high school district, it shall become merged with the high school district on July 1 following such election.

Purporting to proceed under this Act, a petition signed by eight voters of Osprey District, Monroe County, was filed with the County Superintendent of Lucas County on June 27, 1959, requesting that what would remain of Osprey District, after July 1, 1959, be merged with the contiguous twelve-grade Community School District of Russell, in Lucas and Wayne Counties.

Appellant contends the filing of this petition in Lucas County, June 27, 1958, instituted a proceeding for merger with the Russell District, of what would become the remnant Osprey District of Monroe County, July 1, and that the pendency of this proceeding invalidated the subsequent disposition of such remnant on July 1, by the Resolution of appellee, Monroe County Board of Education. This is based upon the doctrine that the first proceeding instituted secures priority as to lands included therein. See State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 51, 72 N.W.2d 512; Sheridan Rural Independent Sch. Dist. v. Guernsey Consolidated Sch. Dist., 251 Iowa 460, 100 N.W.2d 418.

The trial court held, and we agree, that the Osprey District as it existed prior to July 1, 1959, could not properly initiate proceedings for the merger of the portion of the district

which would remain after the Albia District reorganization took effect. "That action, if desired by the electors of the reduced area, would have to be initiated by those electors." The procedure by which it is contended appellant secured priority was premature and of no effect for that purpose. In re Mercersburg Independent School District, 237 Pa. 368, 85 A. 467, 469, 470; Appeal of Lehman Township School District, 240 Pa. 54, 87 A. 299; State ex rel. Brown v. Union High School Dist., etc., 161 Ore. 410, 90 P.2d 202, 204, 205; State ex rel. Mort v. Tralstead, 36 S. D. 568, 572, 156 N.W. 75, 76.

II. Section 275.1, Code of Iowa, 1958, stated, in part:

"It is further declared to be the policy of the state that no existing district or part thereof shall be included in such twelve-grade district prior to July 1, 1962, without the electors of such existing district or part thereof having an opportunity to vote the proposition to include such existing district or part thereof in said twelve-grade district."

Code section 275.5 then provided, in part, where, "Such proposals * * * provide for reducing an existing school district to less than four government sections * * * the county board shall attach such remaining portions of less than four sections to another school district or districts as provided for in their county plan."

Based upon the part of section 275.1, above set out, Robrock v. County Board of Education, 250 Iowa 422, 94 N.W.2d 101, January 1959, held invalid the action of a county board of education on May 16, 1957, under Code section 275.5, setting over a remnant district to a twelve-grade school district, without the vote of the electors. Shortly thereafter the effect of the Robrock case was minimized by amendments to these sections by the Fifty-eighth General Assembly.

Section 1 of chapter 189, 58th G. A. (House File 104) effective May 8, 1959, by publication, amended section 275.1, Code of 1958, by adding: "Provided, however, that any school district which has been reduced to less than four (4) government sections as a result of reorganization may be annexed to a twelve (12) grade district by the board of education of the

county in which located without the approval of the electors * * *."

Section 1 of chapter 190, 58th G. A. (Senate File 53) effective April 3, 1959, by publication, amended Code section 275.5, by striking the provision that the county board shall attach remnant districts to other districts as provided for in their county plan, and substituting: the county board shall "by resolution attach or subdivide and attach the remaining portion or portions of said district to another school district or districts."

Sections 275.1 and 275.5, Code of 1958, as thus amended, were in effect July 1, 1959, when appellee Board of Monroe County adopted the resolution attaching most of the remnant Osprey District to Albia Community District and the remainder to Russell Community District. This proceeding in certiorari, challenging the validity of that action, was instituted July 30, 1959.

Appellant relied upon the Robrock case, supra. However, before the case at bar was decided by the trial court we decided Monroe Community School District v. Marion County Board of Education, 251 Iowa 992, 103 N.W.2d 746, June 14, 1960, which involved Code sections 275.1 and 275.5 as amended. That case concerned Summit District in Marion County, which had been included in a plan to organize Monroe Community District. That part of the plan was defeated in the election but part of Summit was subsequently included in Monroe District. Later the Summit remnant was included in the proposed organization of Pella Community District but was subsequently omitted therefrom.

In 1958 the Marion County Board attached the Summit remnant to Pella District by resolution. July 1, 1959, after the amendments to sections 275.1 and 275.5 had become effective, the Marion County Board reenacted that resolution. Two writs of certiorari were issued by Marion District Court, the first involving the validity of the original resolution and the other the validity of the second. The first suit was dismissed as being moot. Upon trial the second resolution of the Board attaching the disputed area to Pella District was sustained. We affirmed that decision in the cited Marion County case.

Allely v. Board of Education of Mills County, 252 Iowa 1142, 110 N.W.2d 410, was a suit to enjoin the action of Mills County Board, attaching, by resolution, several remnant districts, resulting from reorganization proceedings, effective July 1, 1960, to a district from which they had been removed in the course of such proceedings. That decision followed the Marion County case, supra, and determined this procedure was not invalid. The material facts in the case at bar are similar to those of the two cited cases.

III. Appellant contends the 1959 amendment to Code section 275.1 does not apply to a district left with less than four sections of land as a result of a reorganization completed after the effective date of that amendment (May 8, 1959). With this contention we do not agree. It does not accord with the Marion and Mills County Board cases above cited.

The record in the Mills County Board case shows the reduction to less than four sections of most of the districts there involved as a result of reorganization did not become effective until July 1, 1960.. The adoption of appellant's interpretation of the amendment to section 275.1 would have invalidated the attachment of these remnant districts to a contiguous district by resolution of the county board of education without the approval of the electors. We hold the statute should not be so interpreted.

IV. Appellant argues section 275.1, as amended in 1959, does not permit the attachment of a fragment district to more than one twelve-grade district without a vote of the electors. This contention overlooks section 275.5 as amended in 1959, which requires the county board to attach remnant districts or parts thereof to another district or districts, by resolution. These amendments, enacted by the same legislature as parts of the same legislation, should be construed together. Iowa Motor Vehicle Association v. Board of Railroad Commissioners, 207 Iowa 461, 465, 221 N.W. 364, 75 A. L. R. 1. Moreover, school district reorganization statutes should be interpreted liberally.

The apparent conflict between the two amendments is that one is in the singular form and the other the plural. The

use of the singular in the amendment to section 275.1 was not unnatural because the part of that section to which it was attached was in the singular. No real conflict between the two statutes, as amended, could have been intended by the Fifty-eighth General Assembly.

Section 4.1, paragraph 3, Code of Iowa of 1958, provides that in the construction of statutes, "Words importing the singular number may be extended to several persons or things, * * *." This is the general rule. 82 C. J. S., Statutes, section 337. It was applied in Zilske v. Albers, 238 Iowa 1050, 1059, 29 N.W.2d 189, 194, which involved the interpretation of a statute under which a school district had been established. We hold it should be here applied and the language of Code section 275.1 in question should be given the broader plural meaning of the comparable language in section 275.5.

The judgment annulling the writ is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.