## In re Laub's Account

*Everett Kent* and *A. E. Hurshman*, for petitioners.

*T. McKeen Chidsey*, of *Chidsey, Maxwell & Frack*, and *Calvin F. Smith*, for accountant.

SHULL, P. J., forty-third judicial district, specially presiding, September 9, 1938.—On December 2, 1937, Herbert F. Laub filed his account of election expenses incurred as a candidate for the office of judge of the Court of Common Pleas of the Third Judicial District of Pennsylvania in the office of the Clerk of the Court of Quarter Sessions of the County of Northampton.

On December 22, 1937, 17 petitioners filed their petition alleging that at least five of them are electors of the County of Northampton, in the State of Pennsylvania, said petition praying for an audit of the expense account of the said Herbert F. Laub.

On January 17, 1938, a petition was presented on behalf of the accountant praying for a bill of particulars, upon which a rule to show cause issued. After answer and argument, the rule to show cause why a bill of particulars should not be filed was made absolute, and an order, as follows, was made by this court:

"And now March 14, 1938, the rule for bill of particulars, so far as sub-paragraphs A, B, C, and D of the petition are concerned, is made absolute. The petitioners are allowed twenty days to file a bill of particulars in accordance with this opinion."

From the said order of this court entered on March 14, 1938, petitioners, on April 2, 1938, appealed to the Superior Court to no. 143, October term, 1937.

On April 25, 1938, counsel for accountant presented his petition to dismiss the proceeding under the petition to audit.

On May 3, 1938, the Superior Court dismissed the appeal, entering the following order:

"And now, May 3, 1938, it appearing that the order appealed from was an interlocutory order from which no provision has been made by statute for appeal to this court, the appeal is quashed."

On May 5, 1938, petitioners filed a bill of particulars.

On May 16, 1938, a remittitur from the Superior Court was filed in the office of the Clerk of the Court of Quarter Sessions of the Peace of Northampton County.

The matter is now before this court upon the rule to show cause why the proceeding should not be dismissed. In support of this rule, counsel for accountant urges:

First: That this court in its order of March 14, 1938, directed that a bill of particulars as therein specified be filed within 20 days;

Second: On April 2, 1938, shortly before the time for filing a bill of particulars had expired, an appeal was taken to the Superior Court by petitioners for audit, but no order of this court or of the Superior Court was obtained to make such appeal operate as a supersedeas, and said appeal did not operate as a supersedeas;

Third: The time for filing a bill of particulars as directed by said last-mentioned order of the court in banc has expired and petitioners for audit have failed to comply with said order.

All the things urged by counsel for accountant are true, nor are they denied by counsel for petitioners, but in them we cannot find sufficient cause to warrant this court in dismissing this proceeding. We cannot feel that the failure of these petitioners to file their bill of particulars within the time specified by the court in its order of March 14, 1938, would warrant us dismissing the proceeding.

The situation confronting us is unlike the situation usually arising where a bill of particulars is prayed for. In this case, had these petitioners been content to pray for an audit as provided by section 1611 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, and not included in the petition certain vague and uncertain allegations charging in an indefinite way violations of the law, no bill of particulars could be asked and they could have forthwith proceeded with the audit.

The Act of 1937 unequivocally gives to electors this right and it is not within our power, nor is it the inclina-

tion of this court, to interfere with that right. This court undoubtedly has the right, where petitioners do not content themselves with a prayer for audit but volunteer in their petition allegations of violations of the law, to require such petitioners to particularize and make specific any allegation of criminal conduct upon the part of the accountant that the accountant may prepare and present evidence in denial or defense of such charges, and this we held in our previous opinion. But where, as here, there is a clear-cut right of action set forth in the pleading (the petition) relative to which there is no order of the court directing a bill of particulars, the fact that there was an order directing a bill of particulars to certain other allegations in the petition, which allegations indicated violation of the law by the accountant, could not warrant this court in dismissing the entire proceeding even though there be a failure upon the part of petitioners to file particulars relative to some or to all the allegations subject to the order. The entire power of this court would be and is to expunge from the record as scandalous such general allegations as to which petitioners fail to particularize sufficiently to give to the accountant fair notice of what he is to meet and what he may be called upon to defend.

These petitioners, within the period fixed by the court for the filing of the bill of particulars, took and perfected an appeal to the Superior Court. It is true that the Superior Court held that the order from which they appealed was an interlocutory order, and, consequently, was not appealable. It is also true that such appeal did not and could not under the law operate as a supersedeas. Unquestionably, the order of this court directing the filing of the bill of particulars not being superseded, the time as fixed by the court for the filing of this bill of particulars was long past due when the bill of particulars was filed by these petitioners, but it was promptly filed by petitioners after the rendition of the opinion of the Superior Court and prior to the filing of the remittitur from

the Superior Court in the office of the clerk of quarter sessions. During the entire time counsel for petitioners were pursuing what they apparently believed to be a course or remedy open to them, though, clearly, an order directing a bill of particulars is an interlocutory order. Still we cannot, as urged, hold that this was bad faith with this court nor, in a proceeding of this type, do we feel that the mistakes of counsel should penalize their clients to the extent of quashing the proceedings had this court the right to do so.

As was said by our Superior Court in the case of Bechtel's Election Expenses, 39 Pa. Superior Ct. 292, 302, and repeated by them in the case of In re Petition of Wilhelm et al., 104 Pa. Superior Ct. 479, 481, in referring to the Act of March 5, 1906, P. L. 78, and section 1611 of the Pennsylvania Election Code of 1937, which is a mere reёnactment of that statute:

" 'It was enacted at a special session of the legislature summoned by the governor, and was the legislative response to a vigorous demand by the people, that a remedy be found to stop the corruption fast becoming an incident of our popular elections which, if unchecked, would soon destroy the free and honest expression of the will of the people. If possible, the construction of such a law should always be such that the legislative intent may be accomplished.'

"It must be borne in mind that we should give a liberal construction to remedial legislation, especially where the common interest becomes involved owing to the alleged illegal conduct of one seeking an election to a public office."

In all proceedings of this character, the common interest is involved and courts should be liberal in their construction not only of the statutes but in the manner of procedure under them and it was on this theory that we directed the bill of particulars, feeling that common interest is involved when charges of violating the law are

made against those who have been elected to positions of public trust and that where charges of that character are made they should not be so vague and indefinite as to be merely scandalous, but should be clear and distinct. On the other side, where charges are made, then, that the public may know what merit they may have, the burden of proving violations or irregularities under the law falls upon those making the charges and our courts should and invariably do facilitate and not hamper the bringing to light of the facts.

These petitioners have filed a bill of particulars relative to some of the things alleged which were alleged in their petition in a vague and indefinite manner. To other allegations contained in that petition, they have failed to file particulars as directed by the court. In our order of March 14, 1938, we directed that a bill of particulars as to paragraph 4, subsecs. A, B, C, and D be filed. As to subsections A and B, they have failed to file a bill of particulars which particularizes in any way. The bill of particulars as to those sections is just as vague and uncertain as was the petition and it, therefore, is insufficient and for that reason these subsections should be expunged from the record. As to subsections C and D of paragraph 4, we feel the bill of particulars is sufficient to give the accountant notice of the items and things in his account which these petitioners allege to be incorrect, irregular, or false. And this, together with the general provisions of this law entitling petitioners to an audit, requires this court to direct that the audit proceed.

And now, September 9, 1938, the rule to show cause why these proceedings should not be dismissed and judgment of nol. pros. entered is discharged; subsections A and B of paragraph 4 of the petition for audit are expunged from the record.

McCLUSKEY, P. J., concurred in this opinion.