Petition of Citizens of Glade Township for Annexation to the Borough of Warren.   Schultz's Appeal. Beaty's Appeal.

*Boroughs—Annexation of territory—Remonstrances—Evidence.*

In proceedings for the annexation of territory to a borough, a petition of citizens containing remonstrances against the inclusion of their lands in the territory proposed to be annexed is not evidence, and it is proper for the court to refuse leave to send the same before the grand jury for their consideration.

In such a case the petitioner's lands cannot be excluded where the effect of the exclusion would be to leave a portion of the township lying between the two ends of one of the principal streets of the borough after annexation.

Argued May 10, 1895.   Appeals, Nos. 23 and 24, July T., 1895, by John Schultz et al. and by O. W. Beaty, from order of Q. S., Warren Co., Sept. T., 1894, No. 29, in proceedings to annex territory to a borough.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Affirmed.

Petition for the annexation of a portion of Glade township to the borough of Warren.

From the record it appeared that a remonstrance in the form of a petition was filed by certain citizens objecting to the inclusion of their land in the proposed annexation.

The following motion was made:

"And now, Sept. 5, 1894, motion on the part of O. W. Beaty, D. W. Beaty and others, who have petitioned the court to be excluded from the limits of the territory proposed to be annexed to the borough of Warren, for leave to send before the grand jury their several petitions to be excluded and their witnesses in support of such petitions."

The court made the following order:

"September 5th, 1894, the Court deeming the matter improper for determination by the Grand Jury, the motion is denied, but without prejudice to the right of the petitioners to show any facts affecting the expediency of the proposed annexation to the Grand Jury.   To this action the petitioners by their counsel at the time except, and bill sealed." [1]

The grand jury reported in favor of the proposed annexation.

The following exceptions were filed to the report of the grand jury:

" 1. The learned court erred in not submitting a petition or remonstrance of said O. W. Beaty to go before the grand jury for their hearing and recommendation. [2]

" 2. The learned court erred in restricting the consideration of the grand jury to the question of recommending in favor of or against annexation of the territory described in the petition, without permitting them the discretion to exclude any portion of the lands described in the petition, if in their judgment the exclusion of said lands was expedient. [3]

" 3. The learned court erred in not permitting the grand jury, in case they thought it expedient so to do, to exclude the lands of O. W. Beaty or any other lands from the limits of the territory to be annexed to the borough of Warren. [4]

" 4. The premises in the petition of O. W. Beaty are farm lands and should be excluded from annexation to the borough of Warren. [5]

The court overruled the exceptions in an opinion by NOYES, P. J., which was in part as follows:

" [There is no law authorizing the court to change the boundaries set forth in a petition for the incorporation of a borough, or to change its limits, except the act of April 1, 1863. And this does not apply to a case like the present but only to applications for incorporation. Moreover, it is the court which is to judge of the expediency of excluding farm lands under the provisions of the act of 1863. To submit the question to the grand jury would be to deprive the court of the discretion which the legislature plainly intended it should exercise. The court possesses a discretion to grant or refuse the application, but it cannot grant something different from what the petitioners ask. The application of the residents of the northern end of the territory, described in the petition, to be excluded, is clearly beyond any power possessed by the court in any case. The petitions of O. W. Beaty, D. W. Beaty, and others, to have their individual properties excluded as farm lands are not within the powers of the court in the present case; but even if they were, we could not grant them, for the reason that these properties manifestly constitute a part of the village of Glade, and could not be ex-

cluded without leaving a portion of Glade township lying
between the two ends of one of the principal streets of the bor-
ough, as it would be after annexation.] " [7]

*Errors assigned* were (1) ruling on evidence; (2–5) refusing
to sustain exceptions to report of grand jury, quoting excep-
tions; (6) in holding that the court had no authority to exclude
the petitioner's lands as farm lands from the territory sought to
be annexed to the borough of Warren; (7) portion of opinion
as above, quoting it.

*D. I. Ball*, *C. C. Thompson* with him, for appellants, cited:
Act of April 1, 1834, P. L. 163; act of April 3, 1851, P. L.
320; McFate's App., 105 Pa. 326; Black v. Tricker, 59 Pa.
17; act of June 11, 1879, P. L. 150; act of May 17, 1883, P.
L. 36; act of April 1, 1863, P. L. 200.

*W. W. Rice*, of *Hinckley & Rice*, *W. V. N. Yates* with him,
for appellees, cited: Act of June 11, 1879, P. L. 150; Camp
Hill Borough, 142 Pa. 516.

SCHULTZ'S APPEAL.

PER CURIAM, May 27, 1895:
This proceeding was under the 2d and 3d sections of the
act of June 11, 1879, entitled "A supplement to an act for the
regulation of boroughs, approved the third day of April Anno
Domini one thousand eight hundred and fifty-one," P. L. 150.
The record shows that the proceedings, from beginning to end,
are regular and in strict conformity with all the essential
requirements of the act; and, unless there be substantial merit
in one or more of the specifications of error, the decree, based
on the findings of the grand jury and subsequent approval
thereof by the court, should not be disturbed.

The first four specifications, relating to the refusal of the
court to permit remonstrances to be laid before the grand jury,
may be considered together. Some of the appellants presented
petitions, remonstrating against the inclusion of their lands in
the territory proposed to be annexed, etc., and moved the court
for leave to send the same before the grand jury for their con-
sideration. The court, considering these papers incompetent

as evidence, or for any purpose, denied the motion, " but without prejudice to the right of the remonstrants to show any facts, affecting the expediency of the proposed annexation, to the grand jury." This conceded to the remonstrants everything they were entitled to. The act after specifically prescribing the form, etc., of application for annexation " of any lots, out-lots or other tracts adjacent to a borough," provides that the court " shall cause the application to be laid before the grand jury, and if a majority of said grand jury, after a full investigation of the case shall find that the conditions prescribed by the act have been complied with, and shall believe that it is expedient to grant the prayer of the petitioners, they shall certify the same to the court, which certificate shall be entered of record, and may be confirmed by the court." The " full investigation of the case " that the grand jury is thus required to make must, of course, be conducted according to the ordinary rules of evidence. Recitals and allegations of fact, contained in remonstrances, promiscuously signed, are not competent evidence of the facts in regard to which it is made the duty of the grand jury to inquire. There is no merit in either of said specifications.

The sixth and seventh specifications relate to the learned judge's expression of opinion that, in cases such as this, the court had no authority to exclude the appellant's lands from the territory proposed to be annexed, etc. Without pausing to inquire whether he was right or wrong in that regard, it is very evident that appellants were not injured thereby, because in that part of his opinion recited in the seventh specification, the learned judge assuming, for the purpose of argument merely, that he had the power to exclude said lands, says he could not do so, " for the reason that these properties manifestly constitute a part of the village of Glade, and could not be excluded without leaving a portion of Glade township lying between the two ends of one of the principal streets of the borough, as it would be after annexation." It thus appears that if he had been ever so certain as to his authority to exclude the lands in question, he would not have done so for the very good and satisfactory reason above stated. There is no merit in the sixth and seventh specifications ; nor is there anything in either of the other specifications that requires further notice. We

find no error in the record that would justify a reversal of the decree.

Decree affirmed and appeal dismissed with costs to be paid by appellants.

## BEATY'S APPEAL.

Per Curiam, May 27, 1895 :

This appeal is from the same decree as Schultz et al.'s appeal, in No. 23 of July term, 1894, in which an opinion has just been filed.    Both cases were argued together and involve substantially the same questions.    For reasons briefly given in the opinion referred to, the decree, as to these appellants, should also be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by appellants.