# Incorporation of the Borough of Old Forge.

*Appeal—Borough incorporation—Adjudication of facts, not reviewable.*

Whether the requisite number of freeholders have signed the petition for borough incorporation is a question of fact, and where the court of quarter sessions determines the question such action is an adjudication, and where the record shows no error in the disposition of the question the appellate court must accept the conclusion.

*Borough incorporation—Discretion of court—Exclusion of farming land.*

The appellate court will not, except for abuse of discretion, distinctly charged and clearly established, review the action of the quarter sessions in excluding certain lands from the territory proposed for incorporation, such matter being a question of fact or expediency with which the quarter sessions is exclusively invested.

*Jurisdiction, Q. S., once acquired, not divested by certain petitioners' withdrawal.*

Petitioners for borough incorporation, joining with others to make up the number necessary to confer jurisdiction, cannot deprive the court of jurisdiction, by withdrawing, if all collateral questions are not decided as they suggest.

Argued Dec. 11, 1899.   Appeal, No. 29, Jan. T., 1900, by exceptants, from decree of Q. S. Lackawanna Co., Feb. Sess., 1899, No. 12, incorporating the borough of Old Forge.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by W. D. PORTER, J.

Exceptions to petition for borough incorporation.   Before ARCHBALD, P. J.

It appears from the record that the petition of the inhabitants of the township of Old Forge was filed, praying for the incorporation of said township into a borough to be called Old Forge borough.

Exceptions were filed to the petition alleging that the signers to the petition do not represent a majority of the freeholders of said township; that a large number of the signers to the said petition are neither freeholders nor owners of any property, and many of them did not sign said petition, although their names appear thereon; that a large number of the signers to the said petition are not residents; that said township contains a large

acreage of wild and mountainous land, and of farm land and timber land not parceled out or built upon in any way, aggregating over 2,000 acres; that a large majority of the resident freeholders are not desirous that the township should be incorporated into a borough; that the conditions precedent under the law for the erection of a borough in the state of Pennsylvania have not been complied with by the petitioners. Exceptants appealed.

*Errors assigned* among others were (1) in taking jurisdiction of the matters involved in this case without a due and legal petition for that purpose, verified by the affidavit of the petitioners, or some of them. (2) In taking jurisdiction of this case and in decreeing the incorporation of a borough without an application for that purpose signed by a majority of the freeholders in the incorporated district. (3) In excluding from the borough the coal lands of the Delaware, Lackawanna and Western Railroad Company. (6) A portion of the petitioners signed an application for the incorporation of the whole of Old Forge township into a borough. After they understood that only a part of the township was to be incorporated, they signed remonstrances against it. The court erred in treating such signers as petitioners for a borough, and in using their names to make up the required majority of signers. (7) In decreeing the incorporation of a borough in the absence of clear and positive proof that a majority of the freeholders in the incorporated district were signers of the application. (8) In overruling the exceptions filed by the exceptants in this case.

*H. M. Hannah* and *J. T. McCollom*, for appellants.—The original defect of jurisdiction cannot be cured by subsequent proceedings in the case: Incorporation of Taylorport, 21 W. N. C. 533.

It is necessary that it should appear of record that a majority of the freeholders in the proposed borough have signed the petition: In re Incorporation of Taylorport, 21 W. N. C. 533.

It should, of course, appear that there is a town or village to be incorporated. The court has no power to incorporate a township.

It must appear of record that notice of the intended application was duly published.

There must be a village containing a " collection of houses collocated after a regular plan in regard to streets and lanes : " Borough of Little Meadows, 28 Pa. 256.

But that is not this case. Here many of these petitioners have changed their minds. They are still willing that the court should grant a decree of incorporation according to their petition. But this the court does not propose to do. It has decided to grant them something they did not ask for. The court has changed and not the petitioners; that is, the court has changed the object of the petition, and the petitioners have already shown that this change was not in accordance with the law of the state.

*John P. Kelly*, with him *John H. Bonner*, for appellees.

OPINION BY W. D. PORTER, J., January 17, 1900 :

The complaint of the first specification of error is that the petition for incorporation was not verified by affidavit. It would certainly be proper to inquire into the necessity for the verification of such a petition by affidavit, if the record presented a case in which such verification was lacking. The record shows that there were two affidavits attached to the petition in the present case ; one of said affidavits set forth the total number of freeholders residing within the limits of the proposed borough, and that more than a majority of said freeholders had signed the petition, all of whom resided within the limits of the said proposed borough; the other affidavit set forth that all the persons who signed the petition for the incorporation did so subsequently to September 11, 1898. These affidavits alleged that the requisite number of resident freeholders had, within the time required by law, signed the petition. This was sufficient to invoke the jurisdiction of the court. The first specification of error is without foundation.

The second specification of error alleges that the petition was not signed by a majority of the freeholders of the incorporated district. This question was raised in the court below by an exception to the petition. A large amount of testimony was taken and the court, after careful consideration, overruled the exception, filing an opinion which the appellants have not printed. This was a determination of the question of fact

adversely to the contention of the appellants. The record shows no error in this disposition of the question, and we must accept the conclusion. The court, upon petition, under the Act of April 1, 1863, P. L. 200, excluded certain lands of the Delaware, Lackawanna & Western Railroad Company from the borough, which action is the subject of the third specification of error. The court found that the land in question was used exclusively for purposes of farming, and did not belong to the village. This was a matter in which the law invested the court with discretion to determine all questions of fact and expediency. This court will not reverse the conclusion reached, unless for an abuse of discretion distinctly charged and clearly established, or for error appearing upon the face of the record proper. We cannot consider the evidence, and the record discloses no error in the exclusion of the lands. The third assignment of error cannot stand.

The court found "that the conditions prescribed by law have been fully complied with, and that it is expedient to grant the prayer of the petitioners." This was almost a literal compliance with the provisions of the Act of June 26, 1895, P. L. 389, and was all that was required. The fourth specification of error is dismissed. The record shows a plot or draft of the proposed borough attached to the petition, and the fifth specification of error must have been filed inadvertently.

A number of the petitioners, who had invoked the jurisdiction of the court and set in motion the machinery of the law for the incorporation of the borough, subsequently discovered that they could not control the court, in the exercise of its discretion, in passing upon the petition of the Delaware, Lackawanna and Western Railroad Company for the exclusion of farm land. Said petitioners then signed a remonstrance against the incorporation. The court in determining whether the original petition had been signed by the required number of freeholders, counted as signers these parties who had signed but changed their minds when the proceeding was almost finished. Petitioners cannot thus play fast and loose with the court, joining with others to make up the number necessary to confer jurisdiction, and then threaten to deprive the court of jurisdiction, by withdrawing, if all collateral questions are not decided as they suggest: Flemington Borough, 168 Pa. 628. The sixth specification

of error has no merit whatever.   None of the remaining specifi-
cations are worthy of consideration.   The assignments of error
are all dismissed.

Decree affirmed and appeal dismissed at costs of appellants.