# Newton *v.* Emporium Borough, Appellant.

*Road law—Paving—Petition of owners—Conditional signature— Tenants in common.*

1. A petition to confer jurisdiction on a borough council to pave a street must be signed unconditionally by the owners of the necessary two-thirds of the feet frontage thereon, in order to fully and legally bind the petitioners. The addition of the word "conditionally" after a signature, and without specifying what the condition is, renders the signature invalid, inasmuch as it puts the council upon notice that there is some condition attached to the signing, and any condition whatever will render the signature void.

2. The signer of the petition to pave a street cannot withdraw his signature after the council has passed the ordinance prayed for by the petition. He may withdraw it, however, before any action has been taken by notice to the proper officers.

3. Where property abutting on a street is owned by tenants in common, all of the tenants in common must sign the petition for the paving in order that the property should be counted in the two-thirds of the feet frontage necessary to sustain the petition.

Argued March 15, 1909. Appeal, No. 307, Jan. T., 1908, by defendant, from order of C. P. Cameron Co., Oct. T., 1908, No. 15, quashing ordinance in case of Emily N. Newton et al. *v.* Emporium Borough. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from ordinance authorizing the paving of a portion of Fourth street in the borough of Emporium.

HALL, P. J., filed the following opinion:

The town council of the borough of Emporium adopted an ordinance in due form requiring the curbing and paving of

a certain part of Fourth street, in the borough of Emporium. The ordinance recited that whereas the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties bounding or abutting on the part of Fourth street between the west end of the brick paving now on Fourth street and the west side of Wood street has been presented to the council of the borough of Emporium requiring the said council to require the curbing and paving of said street, between the said points, with brick, stone or or other suitable material and to collect two-thirds of the cost and expense of the same from the owners of the real estate on said street; therefore, it was ordained and enacted that the said paving should be done.

Emily M. Newton and four others, owners of property abutting on that portion of Fourth street, affected by the ordinance, filed their appeal from said ordinance and presented their petition asking that it be quashed. The grounds alleged in the petition are that the borough council was without jurisdiction to pass the ordinance for the reason that the necessary two-thirds of the owners of property, representing not less than two-thirds in number of feet of the property fronting and abutting on that part of Fourth street, proposed to be paved, had not signed the petition.

It appears from the testimony that the total frontage of the property abutting on that portion of Fourth street, proposed to be paved, is 1,757 feet seven inches, and two-thirds of this would be 1,171 feet eight and two-thirds inches. The sole question to be determined in the case is whether the abutting property owners representing two-thirds frontage signed the petition to the council requesting that this paving be done, thereby conferring upon it the necessary jurisdiction to pass the ordinance. The borough claims that the signers to the petition represent 1,245 feet, while the petitioners claim the petition in fact, only represents 1,098½ feet. The difference of 146½ feet arises out of a dispute as to what effect should be given to three signatures appearing on the petition, to wit: those of M. C. Tulis, John Hogan, and John F. Parsons. We will consider them in their order.

It is the uncontradicted testimony that M. C. Tulis is the owner of seventy-one and one-half feet and that he signed the petition, appending, however, to his signature the word "conditionally." He testifies that the petition was presented to him by a member of the town council and that he stated to him at the time that he signed the petition on the condition that the sewers should first be improved, as he thought it would be money wasted to pave the street before that was done. There is no evidence, however, that this conversation was ever repeated to the town council while in session or that any legal notice was given them as to what was meant by the word "conditionally" which followed his signature. We may, therefore, assume as a matter of law that the town council had no such official knowledge.

We think there can be no question that a petition to confer jurisdiction on a borough council to pave streets must be signed unconditionally by the owners of the necessary two-thirds of the feet frontage thereon, in order to fully and legally bind the petitioners. In the case of Von Steen v. Beatrice, 36 Neb. 421 (54 N. W. Repr. 677), the condition was that the grade should be satisfactory and that the trees should not be molested. The supreme court of Nebraska said: "We agree with the district court that the petition to confer upon the council jurisdiction must be unconditional, and that no argument is required to prove that the signatures should have been rejected." The Nebraska statute is different from ours only in the respect that it requires the petition to be signed by a majority of the owners representing a majority of the feet frontage, instead of two-thirds, and that it imposes the whole cost of the paving upon the abutting owners instead of two-thirds thereof. To the same effect is the case of Batty v. Hastings, 63 Neb. 26 (88 N. W. Repr. 139). In the case of Norwood v. Mills, 8 Ohio, 669, the signature was by the owner of the fee conditioned on the tenant's agreement to pay the costs, and the decision of the court was to the same effect. In all three of the decisions above cited, however, the condition was specified and the next question to be considered is whether the mere adding of the word "conditionally"

to the signature, without specifying what the condition was, would be sufficient to render it invalid.   We are reluctantly forced to the conclusion that it would, for the reason that the act-requires the signature to be absolutely unconditional.   The fact that the word "conditionally" followed the signature put the council upon notice that it was not such an unconditional signature as the law requires but that there was some condition attached to it, and it was entirely immaterial what that condition might be.   The mere fact that there was any condition at all rendered the signature void for the purposes of conferring jurisdiction upon the council.   This signature, therefore, must be rejected.

John Hogan is the owner of fifty feet frontage abutting upon that portion of the street proposed to be paved.   He signed the petition, but subsequently wrote a letter to the council withdrawing his name.   This letter he handed to the chief of police for presentation to the council and it appears that it was read at the council meeting after motion had been made and seconded that the ordinance be passed, but before the vote was taken.   It is contended by the counsel for the appellants that unless otherwise provided by charter, signers of a petition are free to withdraw their names at any time before the municipality has acted upon the same, and a number of decisions from the courts of last resorts of other states have been cited in support of this position.   The law, however, seems to be otherwise in Pennsylvania.   As I understand it, the rule is that a petitioner is free to withdraw his name at any time before jurisdiction has attached, but cannot do so thereafter.   In this case if Hogan had served his notice on the proper officers of the corporation before the meeting or had appeared and served the notice before the petition was presented at the meeting, we think it would have been sufficient, but the evidence in this case shows that his notice was not presented to the council until after the petition had been presented and a vote was about to be taken upon the passage of the ordinance.   There is no precisely similar case in Pennsylvania, but the principle I have laid down is asserted as to a petitioner before a grand jury in Tullytown Borough, 1 Pa.

Dist. Rep. 292; Borough of Quakertown, 3 Grant, 203; and the precise question in this case was covered in White v. Buffalo, 43 N. Y. Super. Ct. 180, where it was held that when a petition, duly and regularly signed and submitted, asking for local improvements, was before a common council for consideration, the council was not bound to examine a remonstrance filed by some of the petitioners asking to have their names struck from the petition. This signature is, therefore, sustained.

John F. Parsons, one of the petitioners, is the owner individually of fifty feet frontage of the abutting property, and is the owner as a tenant in common of the undivided one-half interest in another fifty feet. As to the fifty feet that he owns individually there is no question, but the counsel for the appellants contends that the fifty feet in which he owns an undivided one-half interest should not be counted at all, as the petition is not signed by his tenant in common. The counsel for the appellee, on the other hand, contend that as he is the owner of the one-half interest in this fifty feet, twenty-five feet, or one-half of it, should be counted. The position of the appellee in regard to this matter cannot be sustained upon any theory either of law or common sense. The law requires the petition to be signed by the owners of the property. This means by all of the owners in any given piece of property. To hold otherwise would be to hold that if all the property on any block were owned by tenants in common, the holder of an undivided 1–100th interest in the same might cause the block to be paved and the lien therefore to attach to the property, although the owners of the other 99–100ths interest were opposed to it. The position that the proportionate part of the frontage representing the proportion of the cotenant's interest may be counted upon his signature is equally untenable. The petitioner in this case does not own twenty-five feet of this property. His interest is an undivided interest in every foot of it, and no particular foot frontage may be set aside for him, because in every foot so set aside his cotenant would be an equal owner. We are of the opinion, for these reasons, that the signature of John F. Parsons cannot be

counted for the fifty feet frontage owned by himself in common with Ella Parsons.

Disregarding the seventy-one and one-half feet represented by the conditional signature of M. C. Tulis and the twenty-five feet, which it is claimed by the appellee should be allowed on the fifty foot lot owned by John F. and Ella Parsons, and allowing the fifty feet represented by the signature of John Hogan, we find that the total frontage represented by the petition is 1,148½ feet, which is less than the necessary two-thirds required by the act of assembly.

We have arrived at this conclusion, only after a most careful consideration and very reluctantly, because we feel that in the end it can be of no practical benefit to anyone, and that its effect will be merely to delay, for a time, a very desirable and much needed improvement in the borough of Emporium. If there were an appeal from our decision we would feel very much disposed to hold that the Tulis signature was valid in the absence of a condition specifically stated, hoping that the appellate court might sustain us in the interest of the progress and welfare of the town, but as there is no such appeal, and therefore, no redress if we should be in error, we are bound under our conscience and our oath to decide the case strictly under the law as it now exists and as we understand it.

*Error assigned* was order quashing the order.

*J. C. Johnson*, of *Johnson & McNarney*, for appellant.—The doctrine of "notice" requires that to be effective and applicable there shall be a duty to inquire on the part of the one notified, as in the case of a creditor or a purchaser: Tabor Street (No. 1), 26 Pa. Superior Ct. 167; Lodge v. Simonton, 2 P. & W. 439; Heister v. Fortner, 2 Binn. 40; Billington v. Welsh, 5 Binn. 129.

The fifth section of the Act of April 23, 1889, P. L. 44, 1 Stewart's Purdon, p. 524, P. L. 277, provides that the term "owner" shall be construed to mean all individuals having any title or interest in the property assessed. We submit this means that anyone having any title or interest in a lot is an

owner. If we are right, there can be only one construction put upon the word "owner" in the same act; and upon the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet on the street the jurisdiction of the council attaches and the authority to pass the ordinance is complete, and the interest of signers must of course be counted: Bidwell v. City of Pittsburg, 85 Pa. 412; Merritt v. Kewanee, 175 Ill. 537 (51 N. E. Repr. 867); Allen v. City of Portland, 35 Oregon, 420 (58 Pac. Repr. 509); Ferson's Appeal, 96 Pa. 140.

*E. H. Baird,* for appellees.

PER CURIAM, May 20, 1909:
The judgment is affirmed on the opinion of the court below.