## Zimmerman Appeal

*Harry C. Fithian, Jr.*, for appellant.

*Nathan W. Stuart*, for appellee.

WILLIAMS, P. J., June 13, 1957.—This is an appeal from the decision of the zoning administrator of the Borough of South Williamsport and the board of adjustment of said borough in which a permit for the erection of a gasoline service station was allowed by such zoning administrator and the zoning board of adjustment. The parties have stipulated and agreed as to the facts and have also agreed as to the questions that we are to decide.

### Findings of Fact

The court makes the following stipulation as to findings of fact:

"1. That Tremarco Corporation (Gulf Oil Corporation) presented a petition to the Zoning Administrator of the Borough of South Williamsport for a permit to erect and operate a gasoline service station at the southwest corner of West Southern Avenue and Clark Street, Borough of South Williamsport, Lycoming County, Pennsylvania, and the Zoning Administrator issued the said permit.

"2. An appeal was then filed with the Zoning Board of Adjustment and after a hearing held on November 9, 1956, the said Board of Adjustment in a decision made November 13, 1956, upheld the action of the Administrative Officer in granting the permit.

"3. On December 12, 1956, Herman J. Zimmerman filed an appeal before your Honorable Court to the above term and number.

"4. The property on which the proposed service station is to be erected is located in an area designated

as a main business district according to the Zoning Ordinance of the Borough.

"5. Under Article III, Section 5 (b) and (d) of the Borough Zoning Ordinance the following is contained:

" 'In any business district a station for the storage and service of fuel or lubricating oil for motor vehicles may be established, erected, or enlarged, provided: . . .

" '(b) No permit therefor in a business district shall be issued unless there are filed with the application for permit the written consents of the owners in interest and number of sixty (60) per cent of all the property within two hundred (200) feet of any portion of the proposed structure. . . .

" '(d) In computing the percentages of consents required under paragraphs (b) and (c) above, so much property as is already used for a garage or a service station shall be counted as consenting, but property owned by an applicant shall not be included in such consents.' "

"6. The proposed service station would include, inter alia, the following:

"(a) A station house or building.

"(b) Gasoline pumps and pump island.

"(c) Gasoline storage tanks to be buried underneath the ground.

"(d) Large sign standard.

"(e) Light standards.

"7. There are 22 separate parcels of land located within 200 feet of the indicated items to be included with the prospective service station as follows:

"(a) 20 parcels within 200 feet of the proposed station house or building. This includes one parcel which is a portion of land now owned by Carl Pfirman et ux, and title to which will be retained by said Carl Pfirman et ux after conveying the remainder to Tremarco Corporation (Gulf Oil Corporation) for use in

erecting the subject service station upon final approval of the permit.

"(b) There are 2 additional separate parcels within 200 feet of the proposed pumps, sign standard and light standards which are not within 200 feet of the proposed station house or building.

"8. The application for permit was accompanied by signed consents for 14 parcels as follows:

"(a) As to the 20 separate parcels within 200 feet of the proposed station house or building, there are 12 parcels for which consents were attached to the application. These included one parcel which constitutes the portion of the land title to which is to be retained by Carl Pfirman et ux. Of these 12 parcels, 5 parcels are owned by individuals, all of whom signed consents. Of the remaining 7 parcels, 6 parcels are owned by husbands and wives and the consents were signed by one of the spouses but not by the other, and one parcel is owned by father and son as tenants in common and only one of the tenants in common signed a consent.

"(b) As to the 2 separate parcels within 200 feet of the proposed pumps, sign standard and light standards, there is 1 parcel owned by a single individual who signed a consent. The other of these parcels is owned by two individuals as tenants in common and only one of the tenants in common signed a consent.

"9. There are 8 parcels within 200 feet of the proposed station house or building for which no consents were attached. Six of these parcels are owned by husbands and wives, one parcel is owned by a single individual and one parcel is owned by a church."

### Discussion

In counting consents as to a parcel owned by husband and wife, as tenants by the entireties, must each spouse sign the consent for that parcel to be counted?

In counting consents as to a parcel owned by two or more individuals as tenants in common, must each of the tenants in common sign the consent for that parcel to be counted?

We are of the opinion that both of these questions must be answered in the affirmative and that all of the owners must be counted, whether they be tenants in common or tenants by the entireties, and no matter how small their interest may be. The ordinance says "owners in interest and number of (60) per cent of all the property". It does not give the right for one owner of individual properties to sign for the rest of the owners of such individual properties. Where the term "owner" is employed with reference to land or buildings, it is commonly understood to mean the person who holds legal title: Bloom v. Wides, 164 Ohio 138, 128 N. E. 2d 31. The word owners as used in the ordinance means all of the persons who hold legal title to the land.

In Newton v. Emporium Borough, 225 Pa. 17, the court held in interpreting an ordinance that all the tenants in common must sign the petition for the paving in order that the property should be counted in the two-thirds of the foot frontage necessary to sustain the petition.

We see little difference as to whether or not the owner is a tenant in common or a tenant in entireties. If property is held in entireties neither spouse alone may alienate his or her interest in the property during the lifetime of the other: Thees v. Prudential Insurance Company of America, 325 Pa. 465. A release executed by a husband alone for loss occasioned to real estate owned by him and his wife by an estate in entireties, is invalid as to the wife, because she cannot be so deprived of her interest: Schroeder v. Gulf Refining Co. (No. 1) 300 Pa. 397.

Where a parcel is separately owned and part is to be conveyed to the applicant for a permit upon final approval thereof and title to the remaining portion is to be retained, may the portion to be retained be counted as a parcel for which the owner's consent may be counted?

The applicant for the permit is the Tremarco Corporation. This corporation has entered into an agreement with Mr. and Mrs. Carl Pfirman to purchase the land upon which the gasoline station is to be erected. The Pfirmans, however, have retained a portion of the land that they now own, and did not include this portion in the article of agreement. The terms of the article of agreement, however, are such that if the applicant does not get the permit, the Tremarco Corporation is not liable for the purchase price.

In our opinion the Pfirmans and their property should be counted in determining the number of consents necessary. They are not the applicants for the permit and for us to rule otherwise we would have to hold that because they are parties in interest they should not be counted. In matters of this nature there are often interested parties of various degrees. If such parties are not to be counted, then the borough officials should so say. Before the zoning ordinance in South Williamsport the parties could have erected a station without permission. This right has been taken away from them and the courts should not add requirements in interpreting the ordinance. It is to be noted that the borough authorities did exclude from the calculation property being used as a garage or service station, as well as property owned by applicants.

Should parcels not within 200 feet of a proposed gasoline service station or building be counted for consent purposes if they are within 200 feet of (a) gasoline pumps and pump island, (b) gasoline storage

tanks to be buried underneath the ground, (c) large sign standard and (d) light standards?

Article 1, sec. 2, of the Zoning Ordinance of South Williamsport defines structures as follows: "Structure —Anything constructed or erected, the use of which demands its permanent location of (on) the land, or anything attached to something having a permanent location on the land."

It appears that all of the items described above are to have permanent locations or are attached to something having a permanent location.

The tanks are to be buried underneath the ground, and will be firmly fixed. The pumps, according to argument of counsel, will be bolted and fixed to a 20-foot long concrete pump island and connected by pipes to the tanks. The sign standard at a $750 cost will be bolted and set in concrete buried five feet under the ground. The light standards will be bolted and set in concrete.

All of the items mentioned are a part of the proposed structure and any property within 200 feet of such should be counted for consent purposes.

In computing the required consents of the owners "in interest and number" is it sufficient to have the signatures of all the owners of 60 percent of the separate parcels within the required distance, or is it necessary to obtain the signature of 60 percent of all owners of all the parcels within the required distance?

In our opinion there can be no other interpretation than that the ordinance only requires that all of the owners of 60 percent of the property within the 200 foot area must consent. The difficulty is as to what shall be considered "property". Were the borough officials thinking only of area when they talked of 60 percent, or were they thinking of separate parcels of property. We are of the opinion that they meant individual properties. We feel that the provision making necessary

the consents was made for the protection of persons who had invested in separate houses or land upon which houses could be erected, and that the thought of the framers of the ordinance was that if all of the owners of 60 percent of such establishments consent to a gasoline station then such should be allowed.

In computing the properties within the required distance of the proposed structure is all of the front footage of a parcel to be counted if any portion of the parcel is within the required distance or should only so much of the front footage of the parcel as is within the required distance be counted?

If any portion of a property is within 200 feet of the proposed structure this property should be considered in arriving at the number of consents required. If there are 20 such properties, then all of the owners of 12 of these properties must consent.

### Conclusions of Law

The court makes the following conclusions of law:

1. In counting consents as to a parcel owned by husband and wife, as tenants by entireties, each spouse must sign the consent for that parcel to be counted.

2. In counting consents as to a parcel owned by two or more individuals as tenants in common, each of the tenants in common must sign the consent for that parcel to be counted.

3. Where a parcel is separately owned and part is to be conveyed to the applicant for a permit upon final approval thereof and title to the remaining portion is to be retained, the portion to be retained may be counted in arriving at the number of consents necessary.

4. "Structure" according to the South Williamsport Zoning Ordinance is defined as being anything constructed, the use of which demands its permanent location on the land, or anything attached to something having a permanent location on the land, and gasoline

pumps and pump island, gasoline storage tanks, large sign standard and light standards as proposed by the applicant are structures. Property within 200 feet of such structures are to be counted for consent purposes.

5. All owners of 60 percent of the individual properties within 200 feet of the proposed structure must consent without regard to foot frontage.

6. The owners of 60 percent of the individual properties, any portion of which comes within 200 feet of the proposed structure, must consent without regard to frontage.

7. Insufficient owners have consented to the proposed gasoline station.

### Order

And now, June 13, 1957, the appeal is sustained and the permit is revoked.